

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/03/2009

| | | |
|---|---|---|
| IN RE: | § | Case No. 08-36366 |
| JOSE GABRIEL SOTO, | § | Chapter 13 |
| Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION AND ORDER CONFIRMING DEBTOR'S PLAN

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

### Analysis

On January 26, 2009, debtor Jose Gabriel Soto ("Debtor") filed his First Amended Chapter 13 Plan (docket #34). The First Amended Plan proposes to pay the secured claim of Tax Ease Funding, L.P. ("Tax Ease") at the *Till* interest rate of 7%. Tax Ease's claim is secured by a tax lien authorized under § 32.06 of the Texas Property Tax Code. TEX. PROP. TAX CODE § 32.06 (Vernon 2008). Section 32.06 provides that a taxing authority's lien on a person's real property can be transferred to a third-party after that party pays the taxes owed to the taxing authority. *Id*. Tax Ease filed an objection to the First Amended Plan, contending that it was entitled to its contract rate of interest rather than the 7% *Till* interest rate.

Section 511 of the Bankruptcy Code provides that a chapter 13 debtor must pay the interest rate dictated by non-bankruptcy law for a tax claim. 11 U.S.C. § 511. In *In re Sheffield*, this Court considered the interplay between § 511 of the Bankruptcy Code and § 32.06 of the Texas Property Tax Code. *In re Sheffield*, 390 B.R. 302 (Bankr. S.D. Tex. 2008). The Court held that a claim held by a creditor who paid off a taxing authority's tax claim, and subsequently

1

obtained the taxing authority's tax lien under § 32.06, did not hold a tax claim protected by § 511 of the Bankruptcy Code. *Id*. The Court reasoned:

> Accordingly, the tax lien is only transferred if the taxes have been paid. In this case, RETax's proof of claim reflects that it actually paid the taxes. RETax's payment of the tax claim extinguished the tax claim. RETax acquired a new, non-tax claim when the Sheffields executed a promissory note in RETax's favor. The Sheffields also executed a deed of trust that secured the promissory note with the tax lien. Accordingly—under Texas law—the tax claim has been paid, a new non-tax claim in favor of RETax has arisen, and the new claim is secured by the tax lien.

*Id*. at 306.

During a January 28, 2009 confirmation hearing, Tax Ease argued that *Sheffield* was inconsistent with the Supreme Court's *Johnson v. Home State Bank* opinion and the Sixth Circuit's *Glance v. Carroll* opinion. The Court found no inconsistency between the opinions. The Court orally denied Tax Ease's objection and confirmed Debtor's First Amended Plan. The Court issues this written Memorandum Opinion and Order in support of the Court's oral rulings.

The Supreme Court's *Johnson* opinion held that a mortgage on debtor's real property gives rise to a bankruptcy claim even though the debtor does not have personal liability on the mortgage claim. *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). In *Johnson*, the debtor executed a mortgage to secure $470,000 in promissory notes. *Id*. at 80. After defaulting under the notes, the debtor filed a chapter 7 bankruptcy petition and received a discharge. *Id*. Subsequently, the debtor filed a chapter 13 bankruptcy petition to prevent a foreclosure. *Id*. The debtor's chapter 13 plan included the amount owed on the mortgage lien. *Id*. at 81. The bank argued that the mortgage debt could not be included in the chapter 13 plan because the chapter 7 discharge absolved the debtor of any personal liability on the debt. *Id*.

The Supreme Court held that the mortgage lien was a claim against the debtor even

though the debtor was no longer personally liable. *Id*. The Court noted that § 101(5)'s definition of a claim includes a host of different types of "right to payment." *Id*. at 83. Even though the debtor was not personally liable, the Court noted that the debtor's property still faced *in rem* liability. *Id.* at 84–85. Because the lien gave rise to *in rem* liability against property of the debtor, the lien represented a right of payment from the debtor. *Id*. The Supreme Court reasoned:

> Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a 'right to an equitable remedy' for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an 'enforceable obligation' of the debtor.

*Id*. at 84.

The Sixth Circuit's *Glance* opinion reiterates the Supreme Court's holding that a mortgage lien can give rise to a bankruptcy claim even when the debtor is not personally liable for the underlying mortgage debt. *Glance v. Carroll*, 487 F.3d 317 (6th Cir. 2007). In *Glance*, the debtor held property subject to mortgage liens worth over $1,000,000. *Id*. at 319. However, the debtor was not personally liable for the mortgages because only his wife signed a personal guarantee for the underlying debt. *Id*. The chapter 13 trustee sought to dismiss the debtor's case because, inclusive of the mortgage debt, the debtor's total secured debts exceeded the limits imposed by § 109(e). *Id*. The debtor argued that the mortgage debt should not be included within the § 109(e) calculation because he was not personally liable on the underlying debt. *Id*. The Sixth Circuit followed *Johnson*, holding that the mortgage lien still represented a right to payment that fell within § 101(5)'s definition of a claim. The Court noted that "like the individual in *Johnson*, Glance does not have personal liability on the promissory notes, but he continues to have *in rem* liability on the liens." *Id*. at 321.

This Court's *Sheffield* opinion is not inconsistent with the *Johnson* or *Glance* opinions.

*Johnson and Glance* each stand for the unremarkable proposition that a charge against a debtor's property constitutes a "claim" pursuant to § 101 of the Bankruptcy Code. In those cases, the charges against property arose because the liens in those cases were impositions against debtor property to secure payment of the amounts due on notes. The absence of the bankrupt's personal liability did not affect the validity of the lien.

The issue here is not whether the Texas tax lien creates an imposition against the property. The issue is what the imposition secures. Does the tax lien secure a tax claim or does it secure a garden variety claim? If the underlying debt secured by the tax lien was paid prior to bankruptcy (but the lien was not yet officially released), there would not be an argument that the tax lien was a tax claim. The tax lien would be an imposition that secured no remaining claim. Accordingly, the Court must determine what the tax lien secures. In this instance (as in *Sheffield*), the tax lien cannot secure an already-paid tax claim. Instead, the tax lien, by operation of Texas law, secures a garden variety promissory note executed by the debtor and payable to the movant. The tax lien cannot secure payment of the already-extinguished tax claim.

*Sheffield* held that RETax had a tax lien pursuant to the Texas Tax Property Code, and a non-tax claim under the Bankruptcy Code. *In re Sheffield*, 390 B.R. at 306. The Court held that RETax did have a claim, but it was not a tax claim because RETax paid the tax claim. *Id*. The taxing authority's tax claim was extinguished by RETax's payment and by operation of § 32.06. *Id*. The fact that RETax and Tax Ease's liens are called "tax liens" by § 32.06 does not render the claims secured by the liens tax claims under § 511. The tax lien secured the claim, but it did not transform the non-tax claim into a tax claim. As the Court discussed in *Sheffield*, a claim is defined by the underlying nature of the debt. *Id*. The Court reasoned:

> Judge Lynn's Davis opinion notes that courts often "focus on the nature of the underlying debt, not the identity of the holder of the claim, in determining a party's rights with

4

>respect to a claim . . ." *In re Davis*, 352 B.R. at 655. This Court agrees. Judge Lynn cites cases dealing with § 523 discharge objections and the rights of parties holding assigned or transferred claims. However, in § 523 and assignment cases, the underlying debt has not been extinguished by payment. Here, RETax *has* extinguished the underlying debt. RETax did not purchase the taxing unit's claim. RETax *paid* the claim. RETax's claim arises from the *promissory note* executed by the Sheffields. RETax's claim *does not* arise from the rights of a third-party that RETax purchased. The Court agrees that under many code provisions, including § 511, courts must examine the underlying nature of a debt rather than the face of the current holder of the debt. The identity of the claim holder is irrelevant to the Court's holding. The Court should focus on the underlying debt. Here, the tax claim has been paid. The underlying debt is the promissory note executed by the Sheffields.

*Id.*

## Conclusion

For the reasons set forth above, the Court denies Tax Ease's objection and confirms Debtor's First Amended Plan.

Signed at Houston, Texas, on February 2, 2009.

_____
MARVIN ISGUR
United States Bankruptcy Judge

5